# STATE ex rel. KING v. JAMESON
## (13 N. W.2d 46.)
(File No. 8692. Opinion filed February 2, 1944.)
### Original Proceeding
Rehearing Denied February 23, 1944.

George **J. Danforth** and **Danforth & Danforth,** all of Sioux Falls, for Plaintiff.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Defendant.

SMITH, J. J. B. King, applicant for a writ of habeas corpus, is being held in the penitentiary at Sioux Falls, South Dakota. by virtue of a judgment of the Circuit Court, Second Judicial Circuit, Minnehaha County, South Dakota, bearing date the 6th day of November, A. D. 1922, sentencing him to imprisonment in that institution for the remainder of his natural life. As will appear from the opinion in State v. King, 62 S. D. 184, 252 N. W. 36, 37, the information upon which the applicant was tried charged:

" '* * * The said J. B. King had been theretofore duly and legally arrested, tried and convicted on the 24th day of March, 1921, in the County of Bon Homme, State of South Dakota, on the charge of Grand Larceny, and had been on said day duly sentenced to serve a term of two years in the state penitentiary at Sioux Falls, South Dakota. * * *

" 'And that thereafter and while each of said defendants were incarcerated in the said South Dakota state penitentiary and serving the sentences thereinbefore stated, and on the 17th day of August, 1922 * * * the said defendants and each of them, being then and there armed with dangercus weapons, namely knives about six or eight inches long, did then and there unlawfully, wilfully and feloniously commit an assault and battery upon the person of Arthur Muchow by then and there forcibly striking, cutting, beating, bruising and wounding the said Arthur Muchow with the said knives aforesaid with the intent upon the part of the said defendants to kill and murder the said Arthur Muchow, and the said knives used as aforesaid being such as was likely to produce death, and the said defendants and each of them, did then and there and by said means commit the crime of assault with the intent to kill, contrary to the form of the Statute in such case made and provided. * * *' "

The judgment of the court, among other things recites, "and the jury having heard the evidence * * *, returned into open Court, * * * their oral verdict 'Guilty as charged in the information,' * * *." Upon former applications this recital has been accepted as true. In connection with the present application it is made to appear by a certified copy of the minutes of the court that the verdict of the jury, as recorded therein, reads as follows: "We the jury find the defendant guilty of assault with intent to kill, second offense as charged in the information."

Predicated upon this record, the contention now made is that the applicant was in fact convicted of the included offense of assault with intent to kill, second offense, upon which the maximum sentence the court was empowered to impose was for a term of ten years, and that therefore the sentence being excessive, the judgment is void.

■■■ A preliminary matter should be put aside before we turn to a consideration of this principal issue. We have quoted both the recital of the judgment and the full verdict as recorded in the minutes of the court. It is settled that as between the irreconcilable recitals of a judgment and the record as a whole, the record controls, and such a judgment is vulnerable to collateral attack based upon such record if its invalidity is made to appear thereby. Illinois Trust & Sav. Bank v. Town of Roscoe, 46 S. D. 477, 194 N. W. 649. Habeas corpus is but a method of collateral attack of a judgment. State v. King, supra. The statute, § 4932, Rev. Code 1919, required the clerk to record the verdict in full in the minutes. We have concluded that the principle to which we have adverted is applicable here and that we must accept the record as reflecting the true finding of the jury.

■■ Certain well-settled principles serve as postulates in a consideration of the applicant's principal contention. If the judgment under which the applicant is held is void, the writ should issue and he should be discharged. SDC 37.5504; State v. King, supra. A judgment which imposes a sentence in excess of that which is authorized by

law is void as to the excess. In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843; In re Lackey, 6 S. D. 526, 62 N. W. 134. See Lee Lim v. Davis, 75 Utah 245, 284 P. 323, 76 A. L. R. 468, at page 476, and 25 Am. Jur. 188, § 59. As the applicant has been imprisoned more than ten years, the question for decision is whether his position that the court was without power to impose more than a ten-year sentence under the recorded verdict is well taken.

■■■ The sentencing power of the court with which we are here concerned arose in part from the following sections.

§ 3612, Rev. Code 1919. "Every person who having been convicted of any offense punishable by imprisonment in the state penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the state penitentiary for any term exceeding five years, such person is punishable by imprisonment in the state penitentiary for a term not less than ten years.

"2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the state penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state penitentiary for a term not exceeding ten years."

§ 3617, Rev. Code 1919. "Whenever any person is declared punishable for a crime by imprisonment in the state penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, * * *."

From a reading of these sections it will be noted that if the offense under consideration as a second or subsequent offense would upon a first conviction be punishable by a term exceeding five years, it was punishable under § 3612,

subd. 1, supra, by a term of "not less than ten years" and therefore under § 3617, supra, was punishable by life imprisonment. State v. Foreman, 68 S. D. 412, 3 N. W.2d 477. On the other hand, if as an original offense the crime was punishable for five years or less, as a subsequent or second offense, it was punishable by a sentence of not more than ten years. § 3612, subd. 2, Rev. Code 1919, supra.

 The information in legal effect charged the applicant with the commission of an assault and battery upon another by means of a deadly weapon with intent to kill as a second offense and was obviously framed under § 4051 and § 3612, Rev. Code 1919. State v. Foreman, supra. § 4051 reads as follows: "Every person who shoots or attempts to shoot at another, with any kind of firearm, air gun, or other means, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by any other means or force likely to produce death, with intent to kill any other person, is punishable by imprisonment in the state penitentiary not exceeding ten years."

In passing, we observe that this section is divisible and describes separate crimes of like grade. However, each of the offenses so defined embrace distinct elements, and an information charging one of these offenses does not include any other crime described in that section. Territory v. Conrad, 1 Dak. 363, Reprint p. 348, 46 N. W. 605. We therefore give no further consideration to the other aggravated assaults described in that section. The information as drawn, however, did embrace the elements of other lesser assaults. By § 4052, Rev. Code 1919, it was provided: "Every person who is guilty of an assault with intent to kill any person, the punishment for which is not prescribed in the preceding section, is punishable by imprisonment in the state penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Section 4077, Rev. Code 1919 provided: "An assault

is any wilful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another"—and § 4078, Rev. Code 1919 provided: "A battery is any wilful and unlawful use of force or violence upon the person of another."

Unquestionably, all of the elements of these three lesser crimes were embraced within the charges contained in the information. Another provision of statute provided: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the * * * information, * * *." § 4926, Rev. Code 1919.

The trial court looked to these sections of the statutes and instructed the jury that "Included therefore within the offenses charged in the information is that of assault with intent to kill, which is a lesser offense" and further that "Under the information in this case the defendant, if guilty at all, may be found guilty of the crime charged in the information, or of an assault with intent to kill or of an assault and battery or simply an assault, as you may find the facts to be from the evidence." See People v. Odell, 1 Dak. 197, Reprint p. 189, 46 N. W. 601; Territory v. Conrad, supra; State v. Peterson, 23 S. D. 629, 122 N. W. 667; State v. Cotton, 36 S. D. 396, 155 N. W. 8. The jury found the defendant "guilty of assault with intent to kill, second offense as charged in the information." This verdict invoked and measured the power of the court to sentence the applicant. Feaster v. State, 15 Okl. Cr. 366, 177 P. 124. Decision therefore turns upon a proper construction of this verdict of the jury.

The statute provided "A general verdict upon a plea of not guilty, is either 'guilty' or 'not guilty' which imports a conviction or acquittal of the offense charged. * * *" § 4918, Rev. Code 1919. The verdict was not general. The statute further provided: "A special verdict is that by which the jury finds the facts only, leaving the judgment to the court. It must present the conclusions of fact, as established by the evidence and not the evidence to prove them, and the conclusions of fact must be so presented

as that nothing remains to the court but to draw conclusions of law upon them." § 4919, Rev. Code 1919.

Viewing the jury's finding as a special verdict, the conclusion is impelled that it is not sufficiently comprehensive to support a conclusion of law of guilt of the major offense charged in the information. It fails to expressly find all of the elements of that crime; for instance, it does not expressly find that defendant committed a "battery." These omitted elements may not be supplied by a process of implication. We have concluded that those authorities are sound which hold that the addition of the phrase "as charged in the information," or a phrase of similar import, to such a verdict as is here under consideration does not furnish a premise from which a conclusion may be drawn that the jury intended to find every element of the offense charged in the information. Kimball v. Territory et al., 13 Ariz. 310, 115 P. 70; People v. Lee, 237 Ill. 272, 86 N. E. 573; State v. Johnson, 3 N. D. 150, 54 N. W. 547. See State v. Pickus, 63 S. D. 209, 257 N. W. 284.

Such a verdict has been denominated a "partial verdict," 1 Bishop's New Criminal Procedure (4th Ed.) § 1009, and is said to be a verdict "of conviction as to a part of the charge, and acquittal or silence as to the residue." In dealing with this character of verdict the territorial court said: "And as an indictment must be direct and certain as it regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense, so must a verdict be direct and certain in a case like this, and must embrace all the necessary elements, if the jury intended to convict under this section. Perhaps the jury so intended, but how are we to say this, except by giving a loose rein to conjecture or inference? It is their peculiar province to determine facts, intents, and purposes, and it is their duty to pronounce their conclusions in accordance with their own judgments. As the juries do not give reasons for their verdicts, it can never be legally known what were the precise grounds for them; and, if they are in any degree favorable to the accused, it is always presumable

they were so given because the evidence was not sufficient in degree, or satisfactory in character."

And in that case the court further said: "But the jury did not find the defendant guilty of the offense with the commission of which he stood charged. They inferentially acquitted him of that when they found him guilty of an assault 'with intent to do bodily harm.' " Territory v. Conrad, 1 Dak. 363, Reprint p. 348, 46 N. W. 605, 606.

When this verdict is read and construed in the light of the statutes, the information and the instructions, the conclusion is irresistible that the jury did not convict the defendant of a violation of § 4051, Rev. Code 1919. The language they employed indicates an intention to convict the defendant of one of the lesser included offenses. We need not now determine whether that verdict convicts defendant of the offense described in § 4052, Rev. Code 1919 or of a simple assault. It is sufficient for our present purposes to determine that the jury did not convict the defendant of a crime which authorized the court to impose a greater penalty than the defendant had suffered when this proceeding was instituted. Viewed as a finding of guilt of the more serious of these two assaults, as a second offense, the verdict authorized a maximum sentence of ten years. Assault with intent to kill as defined by § 4052, Rev. Code 1919, is punishable by imprisonment "not exceeding five years" and under § 3612, subd. 2, supra, is therefore punishable as a second or subsequent offense by a sentence of "not exceeding ten years." That penalty had been suffered by the applicant before he instituted this proceeding.

To the extent by which the court exceeded its power to sentence applicant, the judgment in our opinion is unquestionably void and we therefore hold that the writ should issue and the applicant should be discharged.

The merits having been submitted and heard, further procedure would be futile. Our judgment will be that the applicant is illegally held and that he be forthwith discharged from the custody of the warden of the state penitentiary.

All the Judges concur.