Sammy DUKE *v.* STATE of Arkansas

CR 79-149                                        587 S.W. 2d 571

Opinion delivered October 15, 1979
(Division II)

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* for appellee.

CONLEY BYRD, Justice. Appellant Sammy Duke while on parole from two previous convictions for burglary and grand larceny was charged on February 12, 1979, with the offense of burglary of Union Supply Company, allegedly committed on or about February 9, 1979. Following plea negotiations during which appellant was told that habitual criminal charges would be filed against him if he did not enter a plea of guilty, the State, without further notice to appellant, amended the information on March 8, 1979, to allege that appellant had two or more previous felony convictions and therefore was a habitual offender pursuant to Ark. Stat. Ann. §41-1001 (Repl. 1977). Appellant's actual knowledge of the amended information alleging the habitual criminal charge came after the jury was chosen on March 12, 1979. After a trial on that day appellant was found guilty and sentenced to 20 years imprisonment. For reversal appellant contends that the trial court erred in proceeding to trial on the amended information charging him as a habitual offender and that the enhanced portion of the imposed sentence is invalid because the proof at trial did not demonstrate that appellant was represented by counsel in the proceedings that were used to enhance the punishment.

We find no merit to either contention. Appellant, being on parole from the former convictions, and having been advised during plea negotiations that such charges would be filed, is not in a position to complain of prejudice or allege surprise. See *Finch* v. *State,* 262 Ark. 313, 556 S.W.2d 434 (1977). Furthermore, the record shows that appellant upon being advised of the charges did not request a continuance. See also *Bordenkircher* v. *Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

The suggestion now made, that the proof does not show that appellant was represented by counsel on the prior convictions, was not raised in the trial court. Consequently, we will not consider such an objection for the first time on appeal. In making this disposition, we point out that appellant does not contend that he was not represented by

counsel on the prior convictions, but only states that the proof does not show that he was represented by counsel.

Affirmed.

We agree: HARRIS, C.J., HOLT and PURTLE, JJ.