Ray **FRENCH,** Petitioner-Appellee,

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 82–1116.

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1982.

As Amended Jan. 6, 1983.

double jeopardy claim because of his failure to file a cross-appeal. We rejected this claim in the panel opinion, *French v. Estelle,* 692 F.2d 1021, 1025 n. 5 (5th Cir.1982), on the ground that we could *affirm* the district court's grant of habeas corpus relief on the basis of any claim supported by the record. The state maintains that we have not simply affirmed the district court's decision, but have modified that decision to enlarge the petitioner's rights under the writ. *See Stachulak v. Coughlin,* 520 F.2d 931 (7th Cir.1975), *cert. denied,* 424 U.S. 947, 96 S.Ct. 1419, 47 L.Ed.2d 354 (1976).

■ We take this opportunity to elaborate further on our comments in the earlier opinion. It is well established that an appellate court is not precluded from considering an issue not properly raised below in a civil proceeding, if manifest injustice would otherwise result. In *Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), the Supreme Court stated that a federal appellate court would certainly be justified in resolving an issue that was not passed on below "where the proper resolution [was] beyond any doubt . . . or where 'injustice might otherwise result.'" 428 U.S. at 121, 96 S.Ct. at 2877 (citations omitted). In *Empire Life Insurance Co. v. Valdak Corp.,* 468 F.2d 330, 334 (5th Cir.1972), we held that "it is well established that as a matter of discretion, an appellate court could pass upon issues not pressed before it or raised below where the ends of justice will best be served by doing so," and that this court has a "duty to apply the *correct* law." (citations omitted) (emphasis in original) *See also Thorton v. Schweiker,* 663 F.2d 1312, 1315 (5th Cir.1981) (rule that court will not consider issue not raised below on appeal is not inflexible and gives way to prevent a miscarriage of justice); *Weingart v. Allen & O'Hara, Inc.,* 654 F.2d 1096, 1101 (5th Cir.1981) (rule that appellate court will consider only errors of which appellant specifically complains is not inflexible); *Martinez v. Mathews,* 544 F.2d 1233, 1237 (5th Cir.1976) (rule requiring issues to be raised below "can give way when a pure question of law is involved and a

Douglas M. Becker, Charles A. Palmer, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Kim Andres, Houston, Tex. (Court-Appointed), for petitioner-appellee.

## ON SUGGESTION FOR REHEARING EN BANC

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for rehearing en banc is DENIED.

In its suggestion for rehearing en banc, the state reiterates its contention that under Fed.R.App.P. 4(a), this court was precluded from considering the petitioner's

refusal to consider it would result in a miscarriage of justice").

The considerations that allow us to reach an issue not raised below also allow us to reach an issue of law in a habeas case that *was* raised below and argued and briefed to this court, where our resolution of that issue is necessary to prevent a miscarriage of justice. The state in this case failed to prove the proper chronology of the prior offenses needed to enhance the petitioner's sentence to life imprisonment under Tex. Penal Code Ann. § 12.42(d) (Vernon 1974). As discussed in our earlier opinion, the bringing of a second enhancement-to-life proceeding, under section 12.42(d) on the basis of the same "priors," would result in a clear violation of the double jeopardy clause of the United States Constitution. *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982). *See also Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr.App.1982) (en banc) (adopting the same interpretation of the Texas Constitution). If we were to refuse to affirm, on the basis of the double jeopardy claim, the district court's decision to grant the writ, we would be closing our eyes to a clear violation of the law and to a denial of the petitioner's constitutional rights.

In the context of this appeal from the district court's grant of habeas relief, rule 4(a) does not preclude our review of the petitioner's claim. The petitioner raised this claim in both his direct criminal appeal and in the habeas corpus proceedings in state and federal court. The district court recognized the probability of a double jeopardy violation, but granted the writ on the ground of ineffective assistance of appellate counsel. The state then filed this appeal. The petitioner did not file a cross-appeal, possibly because the writ had been granted. We note further that the petitioner was *pro se* until counsel was appointed to represent him on appeal. As we originally stated, at 1024 n. 5, the petitioner may urge the appellate court to affirm the district court's decision on any ground raised below. *Weingart, supra.* The only difference in

this case is that the collateral consequence of affirming the writ on double jeopardy grounds prohibits the state from bringing a second enhancement-to-life proceeding on the basis of the prior conviction insufficiently proven during the first proceeding.

Under all these circumstances, where the double jeopardy violation is clear, and where we are affirming the district court's decision to grant habeas relief to a *pro se* petitioner, we hold that the failure to file a cross-appeal does not preclude our review of the constitutional claim.