**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William Frances ASPEN, Defendant and Appellant.**

**No. 15612.**

Supreme Court of South Dakota.

Considered on Briefs May 21, 1987.

Decided Sept. 23, 1987.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

PROCEDURAL BACKGROUND

Defendant was charged for the third time, with Driving While Under the Influence of an Alcoholic Beverage (DWI). He was convicted via enhancement of a class six felony. Thereafter, he filed a state habeas corpus action alleging that one of the underlying DWI charges was constitutionally infirm as the record of that charge reflected he pleaded guilty without benefit of counsel. The habeas court granted Defendant's Writ of Habeas Corpus and remanded the case to the trial court for resentencing. Defendant alleges the trial court erred when it judicially noticed the criminal file corresponding to Defendant's earlier DWI conviction from which the presence of counsel, or waiver thereof, issue comes. Included in the judicially noticed criminal file was a Waiver of Counsel document signed by Defendant. We reverse on the basis of a violation of the double jeopardy clause.

## FACTS

Defendant, born October 1, 1934, is a retired truck driver and heavy equipment operator. He was forced into retirement in 1984 due to a disabling back condition. Defendant has two prior DWI convictions, one on December 1, 1980, and the second on May 3, 1983.

On April 6, 1985, Defendant was again arrested for DWI. He was charged by indictment of DWI and further charged by Part II Information as habitual offender.[1] On September 27, 1985, a jury found Defendant guilty of DWI. After the jury was excused, Defendant admitted he was the person named in the two prior convictions. Sentencing was delayed pending preparation of a presentence report. On October 25, 1985, Defendant was sentenced to serve two years in the Penitentiary. Jury trial was held and sentence pronounced before the same trial judge.

On September 5, 1986, Defendant filed a state habeas corpus action.[2] On October 22, 1986, Defendant filed his Amended Petition For Writ of Habeas Corpus, hinging his claim on the following assertion:

That said conviction is invalid in that the trial court improperly used a prior DWI misdemeanor conviction for enhancement purposes in that the record before the trial court, showed that with respect to one of the prior convictions petitioner appeared without benefit of counsel.

Both parties waived hearing and agreed to submit the case on briefs to the court, the Honorable Robert L. Tschetter, presiding. Defendant argued: (1) State failed to

show he was represented by counsel during his DWI conviction on December 1, 1980; (2) there was a defect in the enhancement-sentencing portion of this matter; and (3) the conviction should be vacated.[3] State flatly admitted the sentencing defect but asserted that vacation of conviction was improper and urged the court to release Defendant pending resentencing before the trial judge, at which time State could present evidence as to whether Defendant was represented by counsel or knowingly waived that right. On November 25, 1986, the habeas court entered its Findings of Fact and Conclusions of Law, holding that Defendant was being illegally detained because he was serving time under an invalid sentence. The court additionally concluded:

That it is not necessary for this court to decide whether, upon remand, it would be permissible for the respondent to offer additional evidence on the issue of whether the 1980 DWI conviction may be used for enhancement purposes, and the court declines to decide that issue. Rather, the court leaves that issue to be determined by the sentencing judge after the case is remanded to him.

An accompanying Order of Discharge and Remand was issued.

On December 5, 1986, the Resentencing Hearing was held before the same trial judge who presided over the jury trial and who earlier pronounced sentence. State was permitted to supplement the record with criminal file 80–577, on the subject of Defendant's December 1, 1980 DWI conviction, which included a Waiver of Counsel document signed by Defendant. Defend-

---

1. Enhancement is made possible by SDCL 32–23–4, which provides:

    If conviction for a violation of § 32–23–1 is for a third offense, or subsequent offense thereafter, the person is guilty of a Class 6 felony, and the court, in pronouncing sentence, shall unconditionally revoke the defendant's driving privileges for such period of time as may be determined by the court, but in no event less than one year from the date of his final discharge. If the person is convicted of driving without a license during that period, he shall be sentenced to the county jail for not less than ten days, which sentence may not be suspended.

2. Essence of Defendant's contention is he "was not represented by counsel, nor did he make a valid waiver of counsel on the December 1, 1980 Lawrence County DWI prior conviction, Crim. file 80–577. Further, the record before the Lawrence County Circuit Court in 1985 was silent as to whether [Defendant] waived counsel on the prior DWI offenses." *Pro se* Memorandum of Law in Support of Application for a Writ of Habeas Corpus.

3. The December 1, 1980 Judgment of Conviction clearly reflects that Defendant did not have counsel.

ant was then resentenced to two years in the Penitentiary with credit given for time already served.

Defendant appeals.

## DECISION

Defendant bases his argument on the fact that his two-year sentence (enhanced via a third DWI conviction) was faulty because the December 1980 DWI conviction was obtained without the record reflecting that he (1) was represented by counsel or (2) waived legal representation. He relatedly contends the sentencing court erroneously permitted State to introduce a prior DWI case file, which included the Waiver of Counsel form. Defendant concludes his right against double jeopardy was violated and urges this Court to remand the case for resentencing on the underlying misdemeanor conviction. We agree.

"Both our state and federal constitutions contain prohibitions against double jeopardy. U.S. Const. amend. V; S.D. Const. art. VI, § 9." *State v. Biays*, 402 N.W.2d 697, 699 (S.D.1987).[4] The double jeopardy clause shields an accused against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense post-conviction; and (3) multiple punishments for the same offense. *State v. Grey Owl*, 316 N.W.2d 801, 803 (S.D.1982). Although Defendant never specifies which one of three double jeopardy protections was violated, we presume he asserts that he is twice being prosecuted for the same offense post-conviction. Defendant advocates that any evidence relating to waiver of counsel should have been brought before the court at the time he acknowledged he was the same individual formerly convicted of crimes identified in the Part II Information. Defendant alleges that State's production of that evidence at the December 5, 1986 Resentencing

Hearing constituted a double jeopardy violation.

The United States Supreme Court has written "it [is] unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." *Burgett v. Texas*, 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319, 324 (1967). The High Court in *Burgett* further noted "[p]resuming waiver of counsel from a silent record is impermissible." 389 U.S. at 114–15, 88 S.Ct. at 262, 19 L.Ed.2d at 324. In the present case, the record clearly reflects that Defendant was not represented by counsel. The habeas court determined Defendant was being "illegally detained" in that he was serving time under an invalid sentence. Therefore, this appeal distills, ultimately, into this question: Was the resentencing court correct in admitting the Waiver of Counsel form?

Defendant primarily relies on a string of cases flowing from the United States Court of Appeals, Fifth Circuit. *See Stokes v. Procunier*, 744 F.2d 475 (5th Cir.1984); *French v. Estelle*, 692 F.2d 1021 (5th Cir. 1982), *mod., on other grounds*, 696 F.2d 318 (5th Cir.), *cert. denied*, 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983); *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir. 1982), *vacated and remanded*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983), *vacated and remanded*, 708 F.2d 1020 (5th Cir.1983). These habeas cases deal with situations where State failed to set forth, with sufficient clarity, the chronology of commission of prior crimes as required by the applicable enhancement statute. Uniformly, the court held: "[t]he double jeopardy clause would prohibit the resentencing of the petitioner ... if the State failed to provide sufficient evidence of habitual offender status at the first trial." *French*, 692 F.2d at 1023 (citing *Bullard*, 665 F.2d 1347).[5] Moreover, "because the petitioner

---

4. Habeas corpus is guaranteed by our state constitution. S.D. Const. art. VI, § 8. We have recently written that post-conviction habeas corpus may be used to review three claims. First, if the circuit court had jurisdiction of the crime and defendant. Second, if the sentence was authorized by law. Third, if a defendant has been denied basic constitutional rights. *Good-*

*road v. Solem*, 406 N.W.2d 141, 144 (S.D.1987) (citing State *ex rel. Burns v. Erickson*, 80 S.D. 639, 645, 129 N.W.2d 712, 715 (1964)).

5. This author takes the position that this is very respectable authority. Any state of this Union owes a responsibility to assemble its proof, in good effective professionalism, and proceed

was once subjected to an enhancement proceeding where the State failed to produce sufficient evidence of habitual offender status to support [the] sentence, the double jeopardy clause bars a second trial-like enhancement proceeding on the basis of the one prior [crime] insufficiently proven at the earlier trial." *French*, 692 F.2d at 1025 (footnote omitted). *See Bullard*, 665 F.2d at 1359 (where the Court notes that it was State's responsibility to present all the necessary evidence and State erred when it failed to marshal the required evidence). *See also Stokes*, 744 F.2d at 483–84.

Defendant cites the above cases persuasively. He has been through one enhancement proceeding. State now requests a second enhancement proceeding. State knew what it had to prove to achieve enhancement, yet it failed to show that Defendant either had counsel or intelligently waived same. In effect, State failed in its first evidentiary showing and now wants a second bite of the apple. We cannot condone this procedure. State must be prevented from ameliorating its weak and deficient original evidentiary proof to now achieve enhancement through a subsequent hearing, at which previously unoffered evidence is admitted. In effect, the prosecution had its day in court and now seeks another and this is exactly the ill which the double jeopardy clause forbids. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). We are convinced that under the facts of this case, State was given a fair opportunity to offer whatever proof it had assembled. State cannot claim prejudice when it was given ample opportunity to present its case and simply failed to do so. In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the United States Supreme Court made it abundantly clear that once the State has been given a fair opportunity to offer whatever proof it can assemble, it is not thereafter entitled to a second opportunity.

State answers Defendant's contentions by arguing that Defendant should have raised his lack of counsel or waiver issue at the original sentencing hearing and his failure to do so predetermines a ruling in Defendant's favor if Defendant's argument is accepted by this Court. This, however, begs the question. State's strongest argument is provided by *Alexander v. Solem*, 383 N.W.2d 486 (S.D.1986). In *Alexander*, this Court approved of a habeas court receiving into evidence court files from another county and accordingly wrote: "A court may generally take judicial notice of its own records or prior proceedings in the same case and may take judicial notice of an original record in proceedings which are engrafted thereon or ancillary or supplementary thereto." 383 N.W.2d at 489 (quoting *State v. Olesen*, 331 N.W.2d 75, 77 (S.D.1983)) (citing *State v. Cody*, 322 N.W.2d 11, 12 n. 2 (S.D.1982); 31 C.J.S. *Evidence* § 50(2) (1964)). We also noted in *Alexander* "that the records in a criminal case are as fully before the court through judicial notice as they would be if introduced into evidence." 383 N.W.2d at 489 (citing *Gregory v. State*, 325 N.W.2d 297, 299 (S.D.1982)). Therefore, this Court could possibly conclude that the habeas court, in the present case, should have judicially noticed Defendant's prior criminal file and its included Waiver of Counsel form. However, the fact remains that it did not. Most importantly, the settled record does not reflect that State ever requested the habeas court to take judicial notice of the criminal file at issue. It was the State's responsibility to prove its case.

State had the burden of proving, at the enhancement proceeding, that Aspen either had counsel or waived his right to counsel. State failed in its proof as is quite evident by the record. We hold that there was a violation of the double jeopardy clauses of

thereupon; notwithstanding the negative adjectives, phrases and characterizations of the dissent, a state cannot subject a defendant to a series of trials to establish evidence to ultimately convict as this is inherently unfair and violates the constitutional guarantee against double jeopardy. Furthermore, it is costly for the defendant and state and time consuming of judicial resources. Certainly, the defendant did not "hoodwink" the trial court when State failed to assemble its proof. Dramatically focused here is a constitutional right versus a result-oriented rationale.

both the State and Federal Constitutions.[6] We direct that the Part II Information be dismissed. This case is remanded to the trial court for resentencing on the underlying misdemeanor conviction.

MORGAN and SABERS, JJ., concur specially.

WUEST, C.J., and MILLER, J., dissent.

MORGAN, Justice (concurring specially).

I concur generally with the decision, but write specially to put some limitations on my concurrence.

First of all, the scenario before us tends to be a bit confusing. Aspen was convicted of the underlying offense of DWI by a jury, admitted his identity with respect to the earlier convictions, and was then adjudged guilty of third offense DWI. Aspen's conviction was not appealed. Later, he proceeded by habeas corpus to collaterally attack his conviction and sentencing. At this point the prosecution "blew it" and, from my view, the prison gates began to swing open for Aspen. As we held in *Alexander v. Solem*, 383 N.W.2d 486, 489 (S.D.1986), one attempting to collaterally attack the validity of a conviction through a habeas corpus proceeding has the burden of proof. On that point, the dissent is perfectly correct. The State had its opportunity to blow Aspen out of the water simply by introducing the evidence of the waiver of counsel by asking the court to take judicial notice of the case file. This would not be precluded by any double jeopardy restraints. Instead, State first failed to answer the petition as required by statute and then apparently admitted error, whether rightly or, as it appears, wrongly, so there was nothing more Aspen need do.

The record before the habeas court is practically nil, but the judgment of conviction on December 1, 1980, showed that he was not represented by counsel, thus making a prima facie case. Absent evidence to the contrary, the habeas court properly entered a judgment finding the sentence to be invalid and remanded the case for re-sentencing. Remand for re-sentencing on the lesser offense of second offense DWI was a proper disposition. The court specifically avoided ruling on the propriety of receiving evidence to support the original conviction. State did not appeal that decision. Indeed, it appears to be exactly what State asked for. Upon the re-sentencing procedure, after the trial court took additional evidence on the element of the prior offenses to uphold the validity of the third offense DWI conviction, Aspen appealed.

The dissent is upset by this turn of events, even while acknowledging State's error in the handling of the habeas corpus proceedings. In determining the validity of Aspen's constitutional attack on the re-sentencing, we cannot enter into a balancing of equities. Nor, can it be argued that, by appealing, Aspen has waived his constitutional right against double jeopardy. Aspen's conviction was overturned by collateral attack, not by appeal. This is simply another case where the state's attorney failed to appreciate the importance of the remedy of habeas corpus.

Upon remand, Aspen can be re-sentenced on the basis of a second offense DWI conviction, which has been substantiated by the record.

I am authorized to state that Justice SABERS joins in this special concurrence.

MILLER, Justice (dissenting).

I dissent. Although I agree that the double jeopardy clause may apply to some enhancement proceeding issues, it does not apply here. Initially, I must observe that it is settled law that a person may be tried a second time for an offense that has been set aside on appeal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300

---

**6.** Time proves the validity or invalidity of many legal writings. Witness, *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393, 15 L.Ed. 691 (1854). Perhaps time will serve this writing well and— like Moses in the bulrushes—it will survive the dissent to be later sanctioned by future students of the Law. Mayhap, the latter can lead it to a promised land.

(1896). *See generally State v. Percy*, 81 S.D. 519, 137 N.W.2d 888 (S.D.1965). This principle alone could justify an affirmance here.

Further, the majority opinion, in misapplying double jeopardy issues to the facts, allows defendant to make a mockery of the judicial system and it fosters and encourages hoodwinking of our trial courts in their serious sentencing tasks. Remember, here, *while represented by counsel*, defendant at the enhancement phase admitted identity and his prior convictions, NEVER raising, challenging, or even mentioning the issue of lack of counsel. Then, subsequent to sentencing, defendant commenced a habeas corpus proceeding challenging the validity of his sentence. There he complained, for the first time, that the sentencing court did not verify that during one of the prior convictions he was represented by counsel—this all at a time when defendant knew (or should have recalled) that he had previously signed a waiver of such counsel in that prior proceeding. Nowhere in the record has defendant claimed he was without counsel at his prior convictions—in fact, he admits that his sole complaint is that the State never proved it. I suggest that this is frivolous and preposterous.

After remand by the habeas corpus court for re-sentencing, defendant now complains that his prior waiver of counsel should be ignored and suppressed and that he be totally exonerated from that prior conviction. It seems as though his "second bite of the apple" is equally frivolous and preposterous.

What are the respective obligations of the participants at the enhancement proceedings? Initially the trial court, after appropriate advice and admonition, must establish identity by inquiring of defendant whether he is one and the same person alleged to have committed the alleged prior crimes specified by the State in Part II of the Information. If he denies the identity, a trial must follow; but if he admits his identity regarding the prior convictions, the court may proceed to the sentencing phase unless defendant in some manner challenges or makes suspect the validity of the prior convictions. *State v. Jameson*, 80 S.D. 333, 123 N.W.2d 300 (1963). It is not the burden of the trial court to inquire nor is it the obligation of the State to prove—*at that stage*—that the prior convictions are valid. *Id.; Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967);[1] *Bevins v. Klinger*, 365 F.2d 752 (9th Cir. 1966); *Baymon v. State*, 94 Nev. 370, 580 P.2d 943 (1978). On the other hand, if defendant questions or challenges the validity of the prior convictions, the State then has the obligation of proving to the court that enhancement is appropriate due to a valid prior criminal record. *Bevins, supra; Duke v. State*, 266 Ark. 697, 587 S.W.2d 570 (1979); *Addington v. State*, 2 Ark.App. 7, 616 S.W.2d 742 (1981); *but see State v. Afong*, 61 Haw. 281, 602 P.2d 927 (1979). To hold otherwise (following the rationale of the majority) would put the State in the untenable position of having to negate every possible defect in a prior conviction without knowing what the claimed defects were. As occurred here, it would allow a defendant to lay in the weeds—knowing full well that the prior conviction was valid and the claimed defect a sham—and then attack the sentence in a habeas corpus proceeding, knowing that the State's hands are tied from subsequently showing the remedial facts to the court.

Here, the State surely erred by not making the appropriate showing at the habeas corpus proceeding. Probably, the habeas corpus court erred by remanding the case for re-sentencing. *State v. Jameson, supra; State v. Jameson*, 69 S.D. 565, 13 N.W.2d 46 (1944). However, no appeal was taken from the habeas corpus decision and it must now stand.[2]

---

**1.** Note in *Burgett* that defense counsel objected to a prior conviction, claiming it was invalid, at the initial proceeding.

**2.** Certainly it is appropriate to challenge the validity of the prior convictions by habeas corpus, especially where defendant has not been represented by counsel at a critical stage of the proceedings. In that event, however, the issues must be totally presented to and addressed by the habeas corpus court, followed by appeal, if

To now prohibit the State, at a court-ordered re-sentencing, from showing to the court the court's own file, which establishes that the entire proceedings have been a sham, all under the guise of double jeopardy, is inappropriate and imprudent.

I am authorized to state that Chief Justice WUEST joins in this dissent.

necessary. Remand by the habeas corpus court

is generally inappropriate.