Rodney John Ramirez, #864913
William P.Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

MOTION DENIED
DATE: 8-18-15
BY: P.C.

Cerquest 11 , 2015

Hon.Abel Acosta, Clerk of the Court
Texas Court of Criminal Appeals
P.O. BOX 12308, Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

RE: EX PARTE RODNEY JOHN RAMIREZ

   CCA NO. WR-25,057-14


      Dear Honorable Clerk of the Court,

Enclosed please find the original of my "Suggestion To Reconsi-
der On The Court's Own Initiative" submitted for filing among the
papers of the above-styled and numbered cause.

   If you would, could you please process the aforementioned
enclosed and bring same to the Court's attention for a ruling on
the merits of same.

   I "Thank You" in advance for your kind professional time and
assistance in the filing of the aforementioned enclosed.

                              Sincerely/Respectfully Submitted,

                              Rodney John Ramirez, Applicant
                              TDCJ-CID#864913
                              William P.Clements Unit
                              9601 Spur 591
                              Amarillo, Texas 79107-9606

CC:File

IN THE TEXAS COURT OF CRIMINAL APPEALS

Trial Court No.59793-327-3

Court of Criminal Appeals No.WR-25,057-14

---

EX PARTE

RODNEY JOHN RAMIREZ

---

SUGGESTION TO RECONSIDER ON

THE COURT'S OWN INITIATIVE

---

TO THE HONORABLE JUSTICES OF THE TEXAS COURT OF CRIMINAL APPEALS:

The Honorable Justice Keller filed a concurring opinion in **Ex parte Moreno**, 245 S.W.3d at 431 (Tex.Crim.App.2008), asserting that "Reconsidering an application for writ of habeas corpus after a significant passage of time should be a rare event, and should not become a means of circumventing the statutes."

Pursuant to Rule 70.2(b) of the Texas Rules of Appellate Procedure, RAMIREZ submits this Suggestion to this Honorable Court urging the Justices to Reconsider a critical issue upon which habeas relief should have been granted.

Justice Keller offered two minimum conditions that must be present in a Suggestion to Reconsider on the Court's Own Initiative, and they are the following:

-1-

a.)

The Reconsideration must indeed involve a claim that was originally raised in the habeas application:

In this regard, RAMIREZ filed his **Amended writ application on April 2, 2013 under El Paso County Cause Number:59793-327-3,** wherein **RAMIREZ** presented and argued **1.)** that the trial court violated his Due Process, Due Course and Equal Protection of Law rights **under the Texas Constitution, and the 5th/14th Amendments of the United States Constitution** when the Court assessed a sentence exceeding the maximum ten-(10)-year punishment range permissible by **Texas Law** for a third degree felony conviction **under Texas Penal Code §32.31,** which renders the Judgment of Conviction a nullity, **and 2.)**

he was denied the Effective Assistance of appellate counsel with regard to his state direct appeal when his court appointed appellate attorney failed to raise on direct appeal, as a point of error that was preserved during the sentencing proceedings, the trial court's assessment of a sentence exceeding the maximum ten-(10)-year punishment range permissible by **Texas Law** for a third degree felony conviction **under Texas Penal Code §32.31,** in **conformity with the Judgment of Conviction and Sentence Nunc Pro Tunc entered on October 29,1991.**

This **Honorable Court of Criminal Appeals denied relief.**
b.)

An indisputable mistake of fact or law that the Reconsideration seeks to rectify must have been made by this Court.

**RAMIREZ** contends that he has a clear and indisputable right to have this **Honorable Court of Criminal Appeals VACATE his conviction**

-2-

under El Paso County Cause Number:59793, for the following reasons: 1.) "The Texas Court of Criminal Appeals has jurisdiction and the authority to right a wrong." As Justice Cochran wrote for the Texas Court of Criminal Appeals, "there has never been anything in Texas Law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal conviction - sentence." Mizell -V- State, 119 S.W.3d 804,806 (Tex. Crim.App.2003);

2.) In the former regard, the record will reveal that although there is a waiver of jury punishment on file among the papers of this case, which authorizes a Judge to impose a sentence, the Applicant (RAMIREZ) still has a right to be sentenced within the proper range of punishment established by the Texas Legislature. Steph -V- State, 6 S.W.3d 530,532 (Tex.Cr.App.1999). In the case at bar, the record will show that the sentence imposed exceeded the maximum ten-(10)-year punishment range permissible by Texas Law for a third degree felony conviction under Texas Penal Code §32.31.

The record will additionally reveal that two prior convictions were alleged within the indictment for enhancement of punishment purposes. As this Court is aware, under Texas Law, regardless of which method the State elects to proceed under to prove a prior criminal record of a defendant, "it is incumbent upon the State to show a conviction." Lyle -V- State, 669 S.W.2d 853 (Tex.App.-Corpus Christi,1984).

Although authenticated records of Department of Corrections may be used to provide proof of prior convictions supporting habituization paragraphs of an indictment, "penitentiary packets

-3-

are not sufficient on their own to prove prior convictions; "additional evidence must be presented showing that person convicted as related to penitentiary packet is same as person at trial," Davila -V- State, 930 S.W.2d 641 (Tex.App.-El Paso,1996, rehearing denied, petition for discretionary review refused)(Sentencing and Punishment, Key at:1381(6); 1381(2)); Vessels -V- State, 432 S.W.2d 108 (Tex.Cr.App.1968).

Moreover, the State is not only obligated to show a conviction but must also prove the nature of each offense alleged, and the sequence of when the convictions occurred and became final, in the order alleged within the indictment, pursuant to and in accorandance with Article §37.07 of the Texas Code of Criminal Procedure, and Penal Code §12.42(d).

Proof must be offered showing that second conviction was for offense committed after first conviction became final, "and defendant's admission that he had been convicted in two prior cases does not render such proof unnecessary." Jones -V- State, 422 S.W.2d 183 (Tex.Cr.App.1967)(Sentencing and Punishment, Key at: 1381(4)); Patterson -V- State, 723 S.W.2d 308 (Tex.App.-Austin, 1987, petiton for discretionary review granted, affirmed and remanded 769 S.W.2d 938)(V.T.C.A. Penal Code §12.42(d)); Kent -V- State, 879 S.W.2d 80 (Tex.App.-Houston (14 Dist.),1994); French -V- Estelle, 692 F.2d 1021 (5th Cir.1982)(and at 696 F.2d 318); Dretke -V- Haley, 306 F.3d 257 (5th Cir.2002). Failure to prove all these facts will nullify the punishment hearing. Ex parte Augusta, 639 S.W.2d 481-486 (Tex.Cr.App.1982).

The record will clearly show that RAMIREZ plead Not True to the enhancement allegations, and the State waived/abandoned, with

-4-

the Court's consent, the enhancement paragraphs after conceding by stipulation it would not beable to meet its legal obligation of proof to support enhancement paragraph one, and, consequently, unable to meet its legal obligation of proving the sequence of finality of the enhancement paragraphs.

"However," the record also shows, that following the State and trial Court's actions in the aforementioned regard, the State proffered, and the Court admitted, State's Exhibit-8, to wit: certified records of the Texas Department of Corrections indicating a felony conviction for aggravated robbery upon RAMIREZ, absent any District Court Cause Number, date of offense, fingerprints of RAMIREZ supported by expert testimony identifying them as identical with known prints of RAMIREZ, or any other evidence to support said records. See RR. Sentencing Phase at pp.316-324 attached to RAMIREZ's State Habeas Memorandum under Exhibit-2.

As such, RAMIREZ respectfully submits, that State's Exhibit-8, "unsupported by additional evidence showing that person convicted as related to penitentiary packet was same as person at trial," "amounts to a showing of no evidence"[1]. Thus, RAMIREZ's contention is not based on the sufficiency of the evidence, "but a

---

1. Davila -V- State, 930 S.W.2d 641 (Tex.App.-El Paso,1996); Vessels -V- State, 432 S.W.2d 108 (Tex.Cr.App.1968). See also Bullard -V- Estelle, 665 F.2d 1347 (5th Cir.1982)(and at 708 F.2d 1020 (5th Cir.1983)); McGee -V- Estelle, 732 F.2d 447 (5th Cir.1984)(in reviewing sufficiency of evidence to support enhanced punishment on due process challenge by Texas prisoner in federal habeas proceeding, relevant question is whether, after reviewing evidence most favorable to prosecution, any reasonable trier of fact could have found beyond a reasonable doubt facts necessary to support enhanced punishment). Const.Amend.14; V.T.C.A. Penal Code §12.42 (d); Ex parte Augusta, 639 S.W.2d 481-486 (Tex.Cr.App.1982).

total lack thereof.

Furthermore, in the State of Texas, even in cases tried on stipulated facts, an Appellate Court does not review the sufficiency of the evidence in a case tried on stipulated facts, but, rather, the Court reviews only correctness of application of law to admitted facts. See Jim Sowell Const.Co., -V- Dallas Cent. Appraisal Dist., 900 S.W.2d 82 (Tex.App.-Dallas,1995)[2].

As such, the State clearly failed to meet its legal oblegation of proof to support enhancement of punishment in this specific case, and although the trial court initially made an oral announcement finding the second enhancement paragraph True, the trial court cannot sua sponte relieve the State of its legal obligation in this regard by finding the second enhancement paragraph True and assessing a sentence exceeding the maximum ten-(10)-year punishment range permissible by Texas Law for a third degree felony conviction under Texas Penal Code §32.31.

"Indeed," the trial court so recognized same by entering its Judgment of Conviction and Sentence Nunc Pro Tunc on October 29, 1991, wherein, the Court, in its Order, found the enhancement paragraphs Not True[3], or failed to find in its Order, that RAMIREZ

---

2. Law applicable to admitted facts: Jones -V- State, 422 S.W.2d 183 (Tex.Cr.App.1967); Patterson -V- State, 723 S.W.2d 308 (Tex.App.-Austin,1987)(769 S.W.2d 938)(V.T.C.A. Penal Code §12.42(d)); Kent -V- State) 879 S.W.2d 80 (Tex.App.-Houston (14th Dist.),1994); French -V- Estelle, 692 F.2d 1021 (5th Cir.1982)(and at 696 F.2d 318); Dretke -V- Haley, 306 F.3d 257 (5th Cir.2002), and Ex parte Augusta, 639 S.W.2d 481-486 (Tex.Cr.App.1982).

3. Ablon -V- State, 537 S.W.2d 267 (Tex.Cr.App.1976)(written order of the Court control's over an oral announcement); Hubbard -V- State, 896 S.W.2d 359,361 (Tex.App.-Houston (1st Dist.),1995)(Same).

had been previously convicted of enhancement paragraph number two[4].

Thus, the former trial court Judge lacked jurisdictional authority to sentence RAMIREZ beyond the maximum ten-(10)-year punishment range permissible by Texas Law for a third degree felony conviction under Texas Penal Code §32.31, rendering the Judgment of Conviction and Sentence a nullity[5].

The trial court's actions in this regard violated RAMIREZ's Due Process, Due Course and Equal Protection of Law rights under Article 1§3 §12, §13, §14 and §19 of the Texas Constitution, and the 5th and 14th Amendments of the United States Constitution, (Vasquez -V- State, 739 S.W.2d 37,43 (Tex.Cr.App.1987)(Article 1§3 of the Texas Constitution and the 14th Amendment of the United States Constitution, secure to all persons similarly situated protection[6]),which resulted in a "Miscarriage of Justice", because RAMIREZ is Actually Innocent of the count-two credit card abuse offense and penalty imposed for each count of the offense of conviction, by virtue of the trial court's Judgment of Conviction

---

4. Cf Eubanks -V- State, 599 S.W.2d 815-817 (Tex.Crim.App.1980)(wherein the Court reversed the trial court's decision revoking the defendant's probation because the written order of the court was not supported by the evidence).

5. It is now axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law. When its less or more than provided by law, this renders the Judgment of Conviction a nullity. Gonzales -V- State, 527 S.W.2d 540 (Tex.Cr.App.1975); State -V- Shepard, 920 S.W.2d 420 (Tex.App.-Houston (1st Dist.),1996).

6. A violation of RAMIREZ's State and Federal 5th Amendment right against Double Jeopardy, because there exist two-(2)-independent Judgment's of Conviction and Sentence, one entered on September 18,1991, of which, RAMIREZ has fully discharged, "as is evident upon review of the TDCJ-CID/BPP Commitment documentation attached to RAMIREZ's State Habeas Memorandum," and the Judgment of Conviction and Sentence Nunc Pro Tunc entered on October 29,1991, attached to RAMIREZ's State Habeas Memorandum. Furguson -V- Naylor, 860 S.W.2d at 127;

and Sentence Nunc Pro Tunc entered on October 29,1991.

3.) In the latter regard, RAMIREZ contends that he was denied the Effective Assistance of Counsel on his direct appeal in violation of **Article 1, Section 10 of the Texas Constitution,** and the 6th and 14th Amendments of the United States Constitution when his appellate counsel **(Bruce Weathers)** failed to brief **(raise)** on direct appeal, as a point of error, the trial court's assessment of a sentence exceeding the maximum ten-(10)-year punishment range permissible by **Texas Law** for a third degree felony conviction **under Texas Penal Code §32.31,** "that was clearly preserved during the sentencing proceedings," in light of **RAMIREZ's** plea of Not True to both enhancement paragraphs, the State's waiver by stipulation of said enhancement paragraphs, and the trial court's finding of Not True of same by virtue of its entry of Order Judgment of Conviction and Sentence Nunc Pro Tunc on October 29,1991.

This **Honorable Court of Criminal Appeals** is fully aware that RAMIREZ was entitled to the Effective Assistance of Counsel with regard to his State direct appeal as a matter of right. See Evitts -V- Lucey, 469 U.S.387 (1985); Ex parte Coy, 909 S.W.3d 927 (Tex.Crim.App.1995). As stated in RAMIREZ's ground for relief number one herein, RAMIREZ was "significantly harmed and prejudiced" by the trial court's error in its assessment of a sentence exceeding the maximum ten-(10)-year punishment range permissible

---

"Once the second judgment is signed, "the first judgment is dead", and is not a final judgment from which an appeal can be taken." Id; State -V- $2,000.000.00, 822 S.W.2d 721,725 (Tex.App.-Houston (1st Dist.), 1991, no writ). See also Wang -V- State, 899 S.W.2d 409-410.

by **Texas Law** for a third degree felony conviction **under Texas Penal Code** §32.31, "in light of RAMIREZ's plea of Not True to both enhancement paragraphs, the State's waiver by stipulation of said enhancement paragraphs, and the trial court's finding of Not True of same by virtue of its enrty of Order Judgment of Conviction and Sentence Nunc Pro Tunc on October 29,1991."

As such, **RAMIREZ** reiterates, and incorporates herein, **"as if fully reproduced,"** his contention's under ground for relief number one with authorities cited in support thereof, in support of his claim of ineffective assistance of appellate counsel.

**RAMIREZ** was **"significantly harmed and prejudiced"** by appellate counsel's failure to raise on direct appeal, as a point of error, the trial court's assessment of a sentence exceeding the maximum ten-(10)-year punishment range permissible by **Texas Law** for a third degree felony conviction **under Texas Penal Code** §32.31, which was clearly preserved during the sentencing proceedings, "in light of **RAMIREZ's** plea of Not True to both enhancement paragraphs, the State's waiver by stipulation of said enhancement paragraphs, and the trial court's finding of Not True of same by virtue of its entry of Order Judgment of Conviction and Sentence Nunc Pro Tunc on October 29,1991.

Counsel's failure in the aforementioned regard resulted in the affirmance of **RAMIREZ's** conviction for two-(2)-counts of credit card abuse with the imposition of an eighteen-(18)-year term of imprisonment for each count of said offense of conviction; prevented the Justices from the Eighth Court of Appeals from determining the legality of **RAMIREZ's** conviction for one-(1)-count of credit card abuse with the imposition of an eighteen-(18)-year

term of imprisonment for said count(s)[7], deprived RAMIREZ of establishing his **Actual and Factual Innocence of count-two credit card abuse and the penalty imposed under each count,** while subjecting RAMIREZ to be twice convicted and sentenced under **El Paso County Cause Number:59793,** ("as is apparent by the official documentation attached to **RAMIREZ's** State Habeas Memorandum revealing two-independent Judgment's of Conviction and Sentence on file among the papers of this case, **to wit: the September 18,1991 Judgment of Conviction and Sentence solely in the possession of TDCJ-CID/BPP Officials, of which, RAMIREZ has fully discharged, and the October 29,1991 Judgment of Conviction and Sentence Nunc Pro Tunc solely maintained by the Office of the El Paso County District Clerk and never forwarded to the TDCJ-CID/BPP Officials to be filed among TDCJ-CID/BPP paper/electronic files under the case at bar"),** in violation of **RAMIREZ's** State and Federal 5th **Amendment** right against Double Jeopardy.

RAMIREZ asserts, that this **Honorable Court of Criminal Appeals** "inadvertently" overlooked these two critical legal claims that are the basis of his instant habeas application, and had this **Honorable Court of Criminal Appeals** acknowledged all of the above and foregoing, the Court would have **VACATED RAMIREZ's** conviction

---

7. Neither the Clerk of the 327th Judicial District Court, nor the El Paso County District Clerk has ever forwarded a certified copy of the trial court's **Judgment of Conviction and Sentence Nunc Pro Tunc entered on October 29,1991** to TDCJ-CID/BPP Officials for substitution of the **Judgment of Conviction and Sentence entered on September 18,1991** for inclusion among the TDCJ-CID/BPP paper/electronic files under this case. **Ferguson -V- Naylor,** 860 S.W.2d at 127; "Once the second judgment is signed, "the first judgment is dead", and is not a final judgment from which an appeal can be taken." **Id; State -V- $2,000.000.00,** 822 S.W.2d 721,725 **(Tex.1991): Wang -V- State,** 899 S.W.409-410.

-10-

as **null** and **void** based on RAMIREZ's contentions, supported by the official documentation attached to RAMIREZ's State Habeas Memorandum and well settled precedent(s) of this **Honorable Court of Criminal Appeals.**

As such, and in the interest of justice, RAMIREZ respectfully submits that **Reconsideration on the Court's own Initiative** is an appropriate vehicle which this Honorable Court of Criminal Appeals can use to correct its own "inadvertent mistake".

Respectfully Submitted on this __11__ day of _August_ ,2015.

_Rodney John Ramirez_ (8)
Rodney John Ramirez, Applicant Pro Se
TDCJ-CID#864913
William P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

---

8. RAMIREZ respectfully request's that this Honorable Court of Criminal Appeals construe this "SUGGESTION TO RECONSIDER ON THE COURT'S OWN INITIATIVE", liberally, as would be consistent with the holdings under: Haines -V- Kerner, 404 U.S.519,520, 92 S.Ct., 594,596, 30 L.Ed.2d 652 (1972); Humphrey -V- Cain, 120 F.3d 526, at 530 n.2 (5th Cir.1997); Erickson -V- Pardus, 127 S.Ct., at 2200 (2007).

-11-