Argued and submitted July 11, 1984, affirmed January 29, 1985

# LYONS,
*Petitioner on Review,*

*v.*

# PEARCE,
*Respondent on Review.*

(C8301-30175; CA A28815; SC S30670)

694 P2d 978

Roy E. Elicker II, Portland, argued the cause and filed the brief for petitioner on review.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

ROBERTS, J.

## ROBERTS, J.

We accepted review of this case to consider it with *Lyons v. Pearce, (Lyons I),* 298 Or 554, 694 P2d 969 (1985).

In *Lyons I,* in which petitioner entered a guilty plea, we decided that neither ORS 135.385(2)(d)[1] nor any constitutional provision requires the trial court to inform a defendant orally of the possibility that if he is an alien he may be deported. The statute only requires the court to satisfy itself that a defendant is so informed. We held that written notice of the possibility of deportation sufficed. We also held that ORS 135.425[2] and the constitutional provision involving the right to counsel require that counsel inform an alien defendant of the possibility of deportation. Because the trial court found that counsel had so informed the defendant, we concluded that counsel had adequately assisted defendant in the plea agreement. We further held that counsel must request the court to make a recommendation against deportation.

Petitioner's argument here is not concerned with whether the court should have orally advised him that he could be deported. He asserts only that he was denied effective assistance of counsel because his attorney failed to advise him that he could be deported if convicted and because his attorney failed to request a recommendation against deportation from the trial judge.

Petitioner did not enter a guilty plea in this case. He was charged with attempted murder and assault in the first

---

[1] ORS 135.385(2)(d) provides:

"(2) The court shall inform the defendant:

"* * * * *

"(d) That if the defendant is not a citizen of the United States conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States or denial of naturalization."

[2] ORS 135.425 provides:

"(1) Defense counsel shall conclude a plea agreement only with the consent of the defendant, and shall ensure that the decision whether to enter a plea of guilty or no contest is ultimately made by the defendant.

"(2) To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, shall advise the defendant of the alternatives available and of factors considered important by him or the defendant in reaching a decision."

degree. Petitioner stipulated to all the elements of assault in the second degree which resulted in his conviction of that crime, his first conviction of any crime. This case is different from *Lyons I,* in two respects.

■ First, a stipulated facts trial, while having much the same characteristics as a guilty plea, has no statutory requirements that must be met such as those applicable to a guilty plea, specifically ORS 135.385 and ORS 135.425. The only applicable statute is ORS 136.001(2) which provides:

> "The defendant may elect to waive trial by jury and consent to be tried by the judge of the court alone, provided that the election is in writing and with the consent of the trial judge."

■ ■ In a stipulated facts trial, in addition to waiving a trial by jury, a defendant agrees to waive the right to testify himself and to have witnesses testify in his behalf. In a stipulated facts trial a defendant also agrees that the facts to be considered by the court are true. There may be an agreement between a defendant and the state that the state will make no specific recommendation on the penalty to be imposed or will make a recommendation to which the defendant agrees.

■ In spite of similarities to a guilty plea, the trial court, nonetheless, remains the trier of fact and is free to evaluate the evidence presented in the stipulated facts and determine guilt or innocence. This distinction is significant and is reflected in the fact that the statutes do not provide the additional protections for a defendant entering into a stipulated facts agreement.

The other difference in this case is that defendant was not vulnerable to deportation as a result of this first conviction. 8 USC 1251(a)(4) provides:

> "(a) * * * Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who —
>
> "* * * * *
>
> "(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry

is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial * * *."

Defendant entered the United States in 1972. His first conviction took place in August, 1980. He could not be deported until after his second conviction for a crime involving moral turpitude. We addressed his second conviction in *Lyons I*. Because there was no possibility of petitioner's being deported in the instant case, counsel was not required to advise him of such a possibility nor was counsel obligated to request the court to make a recommendation against deportation. 8 USC 1251(b).

Affirmed.