Jesse STUCK, Appellant,

v.

Walter LEAPLEY, Warden of the South
Dakota State Penitentiary, Appellee.

No. 17208.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1991.

Decided July 17, 1991.

See also 434 N.W.2d 43.

Michael J. Butler, Sioux Falls, for appellant.

Roger A. Tellinghuisen, Atty. Gen. and Scott Bogue, Asst. Atty. Gen., Pierre, for appellee.

PER CURIAM.

Jesse Stuck (Stuck) appeals the denial of his application for habeas corpus relief from his habitual offender conviction. We affirm.

FACTS

In March 1987, Stuck was convicted of one count of aggravated assault in connection with a stabbing incident in Huron, South Dakota. Along with the aggravated assault charge, state filed a Part II habitual offender information alleging that Stuck had three prior felony convictions: 1) a 1982 conviction in the state of Washington for second degree theft; 2) a 1985 conviction in Pennington County, South Dakota for grand theft; and, 3) another 1985 conviction in Pennington County for escape.

After his conviction on the aggravated assault charge, Stuck filed a motion to

strike the Part II information, "for the reason and upon the grounds that the State has failed to demonstrate that Defendant's convictions and/or pleas, as alleged, are constitutionally valid and that the same are not constitutionally [infirm.]" The trial court denied the motion and a jury trial was conducted on the Part II information on April 28, 1987.

During the trial, state introduced fingerprint evidence to establish that Stuck was the same person as was convicted of the prior felonies alleged in the Part II information. Additionally, state introduced certified copies of portions of the records of the prior convictions including the judgments entered in the prior cases. At the close of state's case and at the close of all the evidence, Stuck made a motion for a judgment of acquittal based in part on state's alleged failure to meet its burden of proof. The trial court denied both motions. The jury found Stuck guilty of being an habitual offender and Stuck was subsequently sentenced to life in the penitentiary. His conviction was affirmed by this court in *State v. Stuck*, 434 N.W.2d 43 (S.D.1988).

In April 1990, Stuck filed an amended application for a writ of habeas corpus contending the evidence was insufficient to sustain his habitual offender conviction. Stuck argued the evidence was insufficient because state failed to introduce affirmative evidence of the constitutional validity of the two prior Pennington County convictions alleged in the Part II information. On April 30, 1990, the habeas court entered findings of fact, conclusions of law and an order denying Stuck habeas corpus relief. Stuck appeals.

## ISSUE

WHETHER THERE IS SUFFICIENT EVIDENCE TO SUSTAIN STUCK'S CONVICTION AS AN HABITUAL OFFENDER?

■■■ "[A] plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in [*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23

L.Ed.2d 274 (1969) ]—self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea." *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198, 201 (1970). Convictions based upon guilty pleas obtained in violation of *Boykin* cannot be used to enhance a sentence under the habitual offender statutes. *State v. John H. King*, 383 N.W.2d 854 (S.D.1986); *Application of Garritsen*, 376 N.W.2d 575 (S.D.1985).

In this instance, Stuck contends that state failed to present sufficient evidence during the trial on the Part II information to sustain his conviction as an habitual offender. Stuck bases this contention on the fact that the records of his two prior Pennington County convictions fail to establish compliance with *Boykin* in acceptance of the guilty pleas related to the convictions.

In response, state asserts that Stuck did not raise an appropriate challenge to the validity of the prior convictions during trial. State argues that under *State v. Loop*, 422 N.W.2d 420 (S.D.1988) Stuck had the burden to make a prima facie showing that his prior convictions were invalid before it had to establish that the guilty pleas did not violate constitutional standards. Stuck, in turn, argues that the burdens of proof set forth by this court in *Loop* violate constitutional due process standards under two decisions of the Sixth Circuit Court of Appeals: *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989) and *Rudolph v. Parke*, 856 F.2d 738 (6th Cir.1988).

Of the two cases relied upon by Stuck, *Dunn* is the most pertinent. In *Dunn*, the Sixth Circuit condemned the burdens of proof utilized by Kentucky in its habitual offender process. In Kentucky, when the defendant filed a motion to suppress evidence of prior offenses the state was required to submit only the prior judgments of conviction. The burden then shifted to the defendant to show a violation of *Boykin* in acceptance of his prior pleas. Only after submission of such evidence did the burden shift to the state to prove the validity of the prior convictions. The Sixth Circuit condemned this procedure finding that

if the defendant failed to offer evidence of some invalidity in his prior convictions it would allow the state to prevail on the bare record of the fact that a prior conviction was entered. The court found this violative of the Supreme Court's admonition in *Boykin* against presuming a waiver of constitutional rights from a silent record.

The procedure condemned in *Dunn* appears to be substantially similar to that approved by this court in *State v. Leonard King*, 400 N.W.2d 878 (S.D.1987) (Henderson, J., and Sabers, J., dissenting on other grounds), an appeal of a third offense DWI conviction. In *Leonard King, supra,* this court quoted *People v. Wade*, 708 P.2d 1366, 1368 (Colo.1985) for the proposition that:

A defendant seeking to set aside a prior conviction obtained as a result of the entry of a guilty plea must initially make a prima facie showing that the guilty plea was *constitutionally infirm;* only when the defendant has satisfied this initial evidentiary requirement is the prosecution required to establish by a preponderance of the evidence that the guilty plea did not violate constitutional due process standards.[1]

*Leonard King*, 400 N.W.2d at 879 (emphasis original) (footnote added). *Accord, Loop, supra.*

Not only is this procedure similar to that condemned in *Dunn*, it also appears to conflict with procedures endorsed by the Eighth Circuit Court of Appeals. In *U.S. v. Dickens*, 879 F.2d 410 (8th Cir.1989), the trial court used a prior conviction to enhance the defendant's sentence under the federal sentencing guidelines. Dickens contested the validity of the prior conviction and the trial court held an evidentiary hearing on the matter. After the hearing, the trial court found that the government carried *its initial burden of proof* by a preponderance of the evidence that the prior conviction was valid.[2] The trial court further found that without a plea transcript indicating that the guilty plea was not valid, or testimony to that effect by a participant in the plea proceedings (i.e. defendant, defendant's attorney, the prosecutor, the judge, etc.), the defendant failed to carry *his burden to establish* the invalidity of his guilty plea and conviction. On appeal, the Eighth Circuit held that the trial court's findings were not clearly erroneous nor the product of any error of law.

Based upon *Dunn* and *Dickens* as well as another decision of the Eighth Circuit, several conclusions concerning the burdens of proof in a habitual offender proceeding can be drawn.

■ First, the defendant has the initial burden of placing the validity of the prior convictions in issue. Where the defendant merely admits his prior convictions, the admission is functionally equivalent to a guilty plea relieving state of its burden of proving the prior offenses. *See, Cox v. Hutto*, 589 F.2d 394 (8th Cir.1979). As with a plea of guilty, nothing remains but to give judgment and determine the punishment. *Id.*[3]

■ Second, as in this case, where the defendant places the constitutional validity of the prior convictions in issue by a motion to strike or other appropriate means, the

---

1. The rule of *Wade* can be traced back to a decision of the Colorado Supreme Court dealing with the use of an invalid prior conviction to impeach a defendant's credibility during trial. *See, People v. Woll*, 178 Colo. 443, 498 P.2d 935 (1972).

2. This finding was based on evidence offered by the government consisting of the testimony of Dickens' attorney in the prior case. Generally the attorney testified that, although he had no specific recollection of Dickens' case, the trial judge in the case consistently followed the practice of probing a defendant's understanding of the meaning and consequences of his guilty plea. The attorney further testified that it was his practice to thoroughly advise his clients in advance of the rights they would be waiving by entering a guilty plea.

3. Because the admission of prior convictions is tantamount to a guilty plea to a habitual offender charge, it should be accompanied by all formalities related to acceptance of guilty pleas, including full advisement of the defendant's constitutional rights and of the consequences of the plea. *Cox, supra.* This does not imply that a defendant cannot admit the fact of the prior convictions (i.e., that he is the same person as was previously convicted) while reserving a challenge to the validity of the prior convictions.

state has an initial burden of proving the existence of prior *valid* convictions by a preponderance of the evidence. *See, Dickens, supra.*[4]

■ Third, when state meets its initial burden of proof, the burden shifts to the defendant to show that the prior convictions are invalid. *Id.* This appears to require a plea transcript indicating that the prior plea was not valid, or testimony to that effect by a participant in the plea proceeding (i.e., defendant, defendant's attorney, the prosecutor, the judge, etc.). *Id.*

The *Dunn* case, relied upon by Stuck, appears to address how the state must go about meeting its *initial* burden of proof. In essence it holds that a bare record of the conviction, without more, is insufficient. The decision notes that where the validity of a prior conviction is challenged, the state will normally attempt to demonstrate validity by introducing a transcript of the prior proceedings and other trial court records. Further, "[w]here the records leave doubt as to whether the [prior] plea was in fact intelligent and voluntary, the state may look to evidence extrinsic to the court records, such as the recollection of those attending the plea proceedings." *Dunn,* 877 F.2d at 1277. Finally, "in the face of a record which is inadequate to demonstrate the regularity of proceedings at the time of a guilty plea's acceptance, the state must make a ... showing with this extrinsic evidence that the plea was in fact intelligently and voluntarily entered." *Id.*

Here, in contrast with what apparently occurred in *Dunn,* state did more than present the bare record of the fact that a conviction was entered. The records presented do not leave doubt concerning the validity of the prior convictions. Further, the records are adequate to demonstrate the regularity of the prior proceedings against Stuck.

A probation order relative to one of the Pennington County convictions challenged by Stuck shows that, at the time he pled guilty, he was represented by counsel and had been advised of his rights. The judgment relating to the other challenged Pennington County conviction also reveals that, at the time Stuck pled guilty, he was represented by counsel and had been fully advised of his rights. Although neither record contains an express enumeration of rights and an express waiver of those rights by Stuck, that is not required.

[S]pecific articulation of [the *Boykin*] rights by the trial judge is not an indispens[a]ble requisite for the record to establish a valid plea. It is sufficient when the record *in some manner* shows the defendant entered his plea understandingly and voluntarily.

\* \* \* \* \* \*

There is no requirement that the record show an express enumeration by the court nor an express waiver by the defendant of the three constitutional rights mentioned in *Boykin* as a condition precedent to a voluntary and intelligent guilty plea. *Boykin* is devoid of any language stating that valid waiver requires the defendant be specifically told each of those rights he is waiving and then expressly waive each right for the record.

*Logan v. Solem,* 406 N.W.2d 714, 717 (S.D.1987) (emphasis original) (citations omitted).

Under the standard of *Logan,* the records presented by state during the habitual offender trial were adequate to establish that Stuck knowingly and voluntarily entered his prior pleas after being advised of his constitutional rights.[5] It fol-

---

**4.** We distinguish the preponderance of the evidence standard in *Dickens* from the beyond a reasonable doubt standard implied in *State v. Garritsen,* 421 N.W.2d 499 (S.D.1988). Our review of the evidence in Garritsen's habitual offender trial was confined to a discussion of the evidence establishing that Garritsen was the same individual as was previously convicted of two felonies. The identity issue is a question of fact for the jury which must be established

beyond a reasonable doubt. *Dunn, supra.* However, the legal validity of a prior conviction under *Boykin* is a question of law or at least a mixed question of fact and law to be resolved by the trial court. *See, Dunn, supra.*

**5.** Certainly the evidence presented in this case was more reliable in establishing the validity of Stuck's prior convictions than the testimony concerning general habit and custom relied

lows that state established, by a preponderance of the evidence, that Stuck's prior Pennington County convictions were valid. Under *Dickens*, the burden then shifted to Stuck to establish the invalidity of the prior convictions. Stuck offered no plea transcripts indicating that the prior pleas were not valid nor did he, or any other witness on his behalf, offer any testimony to that effect. Accordingly, we hold that Stuck failed to meet his burden and state provided sufficient evidence to establish that Stuck is an habitual offender. *Dickens, supra.* Therefore, the habeas court appropriately denied Stuck relief from his habitual offender conviction.

Affirmed.

MILLER, C.J., WUEST, HENDERSON and SABERS, JJ., and HERTZ, Acting J., participating.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.

upon by the Eighth Circuit in *Dickens. See also, U.S. v. Taylor*, 882 F.2d 1018, 1031 (6th Cir. 1989) (records of defendant's prior convictions specifying that he made a knowing and voluntary waiver of his "constitutional rights" before entering his pleas were sufficient to shift to defendant the burden of proving his prior convictions were not constitutionally sound).