**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Craig Lee RANDEN, Defendant and Appellant.**

**No. 17765.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 3, 1992.

Decided March 3, 1993.

Mark Barnett, Atty. Gen., Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Michael S. Stonefield, Office of Public Defender, Rapid City, for defendant and appellant.

WUEST, Justice.

Craig Lee Randen (Randen) appeals his conviction for fourth offense driving while under the influence of alcohol (DUI) [1]. We reverse and remand.

## FACTS

On August 15, 1991, state filed an information charging Randen with one count of driving while under the influence of alcohol (SDCL 32–23–1(2)), an alternative count of driving while having 0.10% or more of alcohol in his blood (SDCL 32–23–1(1)) and one count of false personation (SDCL 22–40–1). State also filed a Part II information charging Randen with fourth offense DUI (SDCL 32–23–4.6) based upon prior DUI convictions on: October 21, 1986 in Codington County, South Dakota; February 25, 1988 in Codington County; and, October 23, 1989 in Hughes County, South Dakota.

On August 20, 1991, Randen filed a pretrial motion for a determination that the prior convictions alleged in the Part II information were constitutionally invalid and, therefore, not available to support a conviction for fourth offense DUI. The motion was denied after a pretrial motions hearing on September 5, 1991.

On October 3, 1991, Randen entered a guilty plea to the charge of driving while having 0.10% or more of alcohol in his blood. The plea was entered pursuant to the terms of a plea bargain involving the dismissal of the alternative driving while under the influence of alcohol charge and the charge of false personation.

The trial on the Part II information took place on October 17, 1991. During trial, state submitted fingerprint evidence to establish that Randen was one and the same person as was previously convicted of DUI on the dates alleged in the information. Over Randen's objection, the trial court also took judicial notice of pertinent portions of the records of the prior convictions. At the close of trial, Randen moved for a judgment of acquittal on the basis that state failed to establish the constitutional validity of his prior convictions. The motion was denied and the trial court found Randen guilty of fourth offense DUI. A judgment was entered on November 12, 1991, sentencing Randen to five years in the penitentiary. Randen appeals.

## ISSUE

WHETHER THE TRIAL COURT ERRED IN ALLOWING USE OF TWO CONSTITUTIONALLY INVALID CONVICTIONS TO SUSTAIN RANDEN'S CONVICTION FOR FOURTH OFFENSE DUI?

"[A] plea of guilty cannot stand unless the record in some manner indicates

---

1. As used in this decision, the acronym DUI applies to both the offenses of driving while under the influence of alcohol (SDCL 32–23– 1(2)) and driving while having 0.10% or more of alcohol in the blood (SDCL 32–23–1(1)).

a free and intelligent waiver of the three constitutional rights mentioned in [*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)]—self-incrimination, confrontation and jury trial—and an understanding of the nature and consequences of the plea." *Nachtigall v. Erickson*, 85 S.D. 122, 128, 178 N.W.2d 198, 201 (1970). Convictions based upon guilty pleas obtained in violation of *Boykin* cannot be used to enhance a sentence under the habitual offender statutes. *State v. King*, 383 N.W.2d 854 (S.D.1986); *Application of Garritsen*, 376 N.W.2d 575 (S.D.1985). This principle applies equally to DUI habitual offender proceedings. *State v. Escalante*, 458 N.W.2d 787 (S.D.1990).

Randen argues that the trial court erroneously allowed use of his two prior DUI convictions from Codington County to sustain his conviction for fourth offense DUI. He contends this is because the records of those convictions fail to establish compliance with *Boykin* in the plea-taking courts' acceptance of the guilty pleas on which the convictions were based.

■ Recently, in *Stuck v. Leapley*, 473 N.W.2d 476, 478–79 (S.D.1991), we carefully outlined the various burdens of proof in habitual offender proceedings [2]:

> [W]here the defendant places the constitutional validity of the prior convictions in issue by a motion to strike or other appropriate means, the state has an initial burden of proving the existence of prior *valid* convictions by a preponderance of the evidence....
>
> [W]hen state meets its initial burden of proof, the burden shifts to the defendant to show that the prior convictions are invalid. This appears to require a plea transcript indicating that the prior plea

was not valid, or testimony to that effect by a participant in the plea proceeding (i.e., defendant, defendant's attorney, the prosecutor, the judge, etc.). (emphasis original) (footnote and citations omitted).

In *Stuck*, we held that state met its initial burden of proving the constitutional validity of prior convictions challenged by a habeas corpus petitioner by submitting records of the convictions showing that, at the time the petitioner entered his guilty pleas, he was fully advised of his constitutional rights *and* was represented by counsel. Because the petitioner failed to offer plea transcripts indicating that the prior pleas were not valid and failed to offer any other evidence or testimony to that effect, we held that he failed to meet his burden of showing some invalidity in the prior convictions and upheld his habitual offender conviction.

■ The same is true in the present case with one important distinction. The records of the two prior Codington County convictions challenged by Randen plainly indicate that he did *not* have the assistance of counsel when he entered the guilty pleas on which the convictions were based. Court minutes from the 1986 Codington County plea proceedings state, "Deft present w/o Counsel." Similar minutes from the 1988 plea proceedings also state, "deft present w/o counsel." [3]

■ "In [*United States v. Tucker*], 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court held that uncounseled convictions in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), may not be used to enhance punishment for another offense." *United States v. Johnson*, 767

---

2. Recently, in *Parke v. Raley*, —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the United States Supreme Court upheld, under a due process challenge, the allocation of the burden of proof in the Kentucky habitual offender process. In its decision, the high court paid deference to the range of contemporary state practice concerning allocation of the burden of proof in recidivism proceedings. Given that deference, and the lack of any apparent conflict between *Parke* and the burdens of proof we outlined in *Stuck, supra,* we perceive no reason for depar-

ture from our holding in *Stuck* at the present time.

3. The judgment relative to the 1988 conviction does recite that, "the Defendant was represented by competent counsel ..." Nevertheless, as Randen submits, the handwritten minutes from the proceeding indicating he appeared without counsel are sufficient to raise a question over whether he was or was not represented by counsel in the plea proceedings.

F.2d 1259, 1276 (8th Cir.1985). However, a defendant may waive his right to counsel and a conviction obtained after such a waiver may be used to enhance a later criminal sentence. *See, U.S. v. Pallais,* 921 F.2d 684 (7th Cir.1990) (where circumstances convincingly showed that defendant knowingly waived his right to counsel in prior proceeding, previous conviction could be used to enhance punishment for later criminal offense). *See also, Greene v. U.S.,* 880 F.2d 1299 (11th Cir.1989) (unless defendant waived his right to counsel, uncounseled guilty plea could not be used to enhance his sentence for a subsequent offense).

In *U.S. v. Gallman,* 907 F.2d 639 (7th Cir.1990), the Seventh Circuit Court of Appeals outlined the burdens of proof in habitual offender proceedings in terms similar to those recognized by this court in *Stuck, supra:*

> [O]nce the government has shown that a defendant has three prior "violent felony" convictions, the burden rests with the defendant to show that the conviction was unconstitutional. *See, United States v. Taylor,* 882 F.2d 1018, 1031 (6th Cir.) (once government introduces record certifying valid conviction, burden shifts to defendant), *modified,* 1989 WL 88622, 1989 U.S.App. Lexis 19644 (1989); *Luna v. Black,* 772 F.2d 448, 450 (8th Cir.1985) (for burden of proof to shift to the government, accused must introduce evidence showing that conviction was unconstitutional).

*Gallman,* 907 F.2d at 643 (footnote omitted). However, the Circuit Court also cautioned:

> In some circumstances, for example, where the certified record of conviction indicates on its face that the conviction was unconstitutional, the defendant's burden is automatically met and the defendant need introduce no evidence at all. *See, e.g., United States v. Gantt,* 659 F.Supp. 73 (W.D.Pa.1987) (where certified record of conviction shows "on its face" that defendant was without benefit of counsel, government had burden of proving otherwise).

*Gallman,* 907 F.2d at 643 n. 4. *See also, U.S. v. Clark,* 735 F.Supp. 861 (N.D.Ill. 1990) (if certified copy of prior conviction shows defect on its face, such as a lack of counsel, burden remains with government to establish the conviction's validity).

Based upon the above authorities, in order to use Randen's prior Codington County convictions to enhance his sentence for fourth offense DUI, the burden remained with state to show that he either had the assistance of counsel in entering his Codington County pleas or that he knowingly, voluntarily and intelligently waived his right to counsel in those proceedings. *See, Luna,* 772 F.2d at 450 (where records of prior convictions show defendant was not represented by counsel at all critical stages of prior proceedings, burden shifts to state to prove defendant was represented). *See also, Greene,* 880 F.2d at 1303 (on direct appeal, government would have burden of proving effective waiver of right to counsel in prior guilty plea proceedings where it is undisputed defendant was unrepresented when he entered his guilty plea). *Accord, State v. Orr,* 375 N.W.2d 171 (N.D.1985) (state prosecuting motorist for second offense DUI based on presumptively void prior conviction entered on uncounseled guilty plea had burden of showing defendant had counsel or waived his right to counsel in prior proceeding).

Here, state failed to establish that Randen either had counsel or that he knowingly, voluntarily and intelligently waived his right to counsel in the prior Codington County DUI cases. Accordingly, state failed in its burden of establishing the validity of those convictions and the trial court erroneously took judicial notice of the records of the convictions in order to sustain Randen's conviction for fourth offense DUI.

■ In *State v. Aspen,* 412 N.W.2d 881 (S.D.1987), this court held that where the state failed to produce sufficient evidence of the defendant's habitual offender status during his first sentencing enhancement proceeding, the double jeopardy clause of the fifth amendment would bar a second enhancement proceeding. However, a

close analysis of the unusual procedural scenario involved in *Aspen* is important to our disposition of the present case. The defendant in *Aspen* was convicted of a criminal offense after a jury trial and then *admitted* his habitual offender status. Thus, state was not put to its proof of prior convictions at that .point in time. The defendant later filed a habeas corpus action challenging, for the first time, the validity of one of the prior convictions that had been used to enhance his sentence. Rather than presenting *any* evidence of prior convictions to the habeas court, state waived a hearing and agreed to submit the case on briefs. Thus, at that stage in the proceedings, the record was devoid of *any* evidence of prior convictions and the habeas court should have granted the defendant's petition for relief.[4] Instead, the habeas court honored the state's request to remand the matter to the sentencing court for resentencing. During the resentencing proceeding, state submitted the record of the prior conviction challenged by the defendant in his habeas corpus action. The record established the validity of the conviction. The defendant appealed and, on appeal, we held that the resentencing procedure violated principles of double jeopardy. Accordingly, we remanded the matter for resentencing on the defendant's underlying conviction.

In contrast with the habeas corpus proceedings in *Aspen*, records of the defendant's prior convictions in the present case *were* judicially noticed during the trial on the Part II information for fourth offense DUI. Thus, the record before the trial court in the present case was *not* devoid of evidence of prior convictions sufficient to sustain Randen's conviction for fourth offense DUI. As explained below, this is an important distinction for purposes of determining whether double jeopardy prohibits a remand for a new sentencing enhancement proceeding in the instant case.

In *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the defendant was convicted of a criminal offense and sentenced as a habitual offender in a separate sentencing proceeding. During that proceeding, the defendant contended one of the four prior convictions the state was alleging for enhancement purposes had been pardoned. Despite the defendant's contention, the trial court allowed consideration of the conviction for enhancement purposes. In a later federal habeas corpus action, the defendant asserted his enhanced sentence was invalid because one of the prior convictions it was based upon had been pardoned. When it was revealed that the conviction had, in fact, been pardoned, the U.S. District Court declared the defendant's enhanced sentence invalid. The state then announced its intention to resentence the defendant as a habitual offender using another prior conviction not submitted during the defendant's original sentencing proceeding. The District Court held that the double jeopardy clause prevented the state from attempting to resentence the defendant as a habitual offender and the Eighth Circuit Court of Appeals subsequently affirmed that decision. However, the Supreme Court reversed, offering the following analysis:

> In *Burks v. United States*, 437 U.S. 1 [98 S.Ct. 2141, 57 L.Ed.2d 1] (1978), we recognized an exception to the general rule that the Double Jeopardy Clause does not bar the retrial of a defendant who has succeeded in getting his conviction set aside for error in the proceedings below. *Burks* held that when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on the same charge. *Id.*, at 18 [98 S.Ct., at 2150], ...
>
> \*　\*　\*　\*　\*　\*
>
> *Burks* was careful to point out that a reversal based . solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy pur-

---

4. Although procedurally inaccurate, it is perhaps of assistance to view the habeas corpus proceedings in *Aspen* as the *first* sentencing enhancement proceeding inasmuch as the defendant originally admitted his habitual offender status and, as a result, the state was relieved of any burden of proving prior convictions until the habeas corpus proceedings.

poses, than a reversal based on such ordinary "trial errors" as the "incorrect receipt or rejection of evidence." 437 U.S., at 14–16 [98 S.Ct., at 2148–2149]. While the former is in effect a finding "that the government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [he] has been convicted through a judicial *process* which is defective in some fundamental respect." *Id.* at 15 [98 S.Ct., at 2149] (emphasis added).

It appears to us to be beyond dispute that this is a situation described in *Burks* as reversal for "trial error"—the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction. But clearly *with* that evidence, there was enough to support the sentence: the court and jury had before them certified copies of four prior felony convictions, and that is sufficient to support a verdict of enhancement under the statute. See Ark.Stat.Ann. § 41–1003 (1977) (current version at Ark.Code Ann. § 5-4-504 (1987)). The fact that one of the convictions had been later pardoned by the Governor vitiated its legal effect, but it did not deprive the certified copy of that conviction of its probative value under the statute. It is quite clear from our opinion in *Burks* that a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause—indeed, that was the *ratio decidendi* of *Burks, see* 437 U.S., at 16–17 [98 S.Ct., at 2149–2150]—and the overwhelming majority of appellate courts considering the question have agreed. The basis for the *Burks* exception to the general rule is that a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence. A trial court in passing on such a motion considers all of the evidence it has admitted, and to make the analogy complete it must be this same

quantum of evidence which is considered by the reviewing court.

Permitting retrial in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to "obtai[n] a fair readjudication of his guilt free from error." *Burks, supra,* at 15 [98 S.Ct., at 2149]. Had the defendant offered evidence at the sentencing hearing to prove that the conviction had become a nullity by reason of the pardon, the trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior conviction to support the habitual offender charge. Our holding today thus merely recreates the situation that would have been obtained if the trial court had excluded the evidence of the conviction because of the showing of a pardon. Cf. our discussion in *Burks, supra,* at 6–7 [98 S.Ct., at 2144–2145]. *Lockhart,* 488 U.S. at 39–42, 109 S.Ct. at 290–91, 102 L.Ed.2d at 272–75 (citations and footnotes omitted) (emphasis original).

Applying these principles in *Aspen* would have yielded the same result. In *Aspen, no* evidence of the defendant's prior convictions was presented by the state when the state was put to its proof of prior convictions in the habeas corpus proceedings. Thus, the evidence was totally insufficient to sustain the defendant's habitual offender conviction. In short, the state failed to prove its case. The habeas court's remand to the sentencing court for what was, in essence, a second habitual offender proceeding gave state another opportunity to supply evidence which it failed to muster in the first proceeding. This is a result prohibited by the Double Jeopardy Clause under *Burks, supra.*

■ In this instance, however, state clearly submitted sufficient evidence during the trial on the Part II habitual offender information to sustain Randen's fourth offense DUI conviction. Like the invalid, pardoned conviction in *Lockhart,* the fact that two of Randen's prior convictions were based on uncounseled guilty pleas vitiated

their legal effect but did not deprive them of their probative value. Thus, Randen's habitual offender conviction is not reversed for evidentiary insufficiency but for the trial court's error in the incorrect receipt of evidence. Under *Lockhart*, a reversal on this foundation does not prohibit a retrial on the habitual offender charge. Accordingly, we reverse Randen's conviction for fourth offense DUI and remand for a new trial on the Part II habitual offender information.

MILLER, C.J., and AMUNDSON, J., concur.

SABERS, J., concurs specially.

HENDERSON, J., concurs in part and dissents in part.

SABERS, Justice (concurring specially).

The records of the two prior Codington County convictions challenged by Randen plainly show that he did *not* have the assistance of counsel when he entered the guilty pleas on which the convictions were based. Court minutes from the 1986 Codington County plea proceedings state, "Deft present w/o counsel." Similar minutes from the 1988 plea proceedings also state, "deft present w/o counsel." Nor had Randen knowingly, voluntarily and intelligently waived his right to counsel.

Despite this persuasive evidence of the illegality of the two convictions, the trial court received the two convictions in evidence and found Randen guilty on the Part II information of fourth offense DUI. We reverse on the ground that this was trial error *in the receipt of evidence* resulting in a conviction, rather than *insufficiency of the evidence* as occurred in *Aspen*, 412 N.W.2d 881 and *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Therefore, the case should be reversed and remanded for a new trial rather than for resentencing. *Lockhart*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265. In this sense, this case is clearly distinguishable from *Aspen* as it does not constitute the prohibited *"second bite of the apple." Aspen*, 412 N.W.2d at 884 (emphasis added).

HENDERSON, Justice (concurring in part; dissenting in part).

As the September 30, 1986 and February 9, 1988 convictions from Codington County were not constitutionally valid to support the Part II Information, Randen would have been convicted of DUI Second Offense, rather than DUI Fourth Offense. Thus, I join that aspect of the majority opinion.

Essentially, I part company with the majority opinion on its ultimate conclusion found in its very last sentence. Under the last sentence, Randen's conviction for DUI Fourth Offense is reversed but the case is remanded *for a new trial* on the Part II Habitual Offender Information. A new trial should not be held; rather, this case should be reversed and remanded to the trial court *for resentencing.* In *State v. Aspen*, 412 N.W.2d 881 (S.D.1987), this Court held the *resentencing procedure violated principles of double jeopardy.* In the case at Bar, State failed to establish the validity of the Codington County convictions because it failed to produce evidence, i.e., a sufficiency of evidence to establish that Randen had knowingly, intelligently, and voluntarily waived his right to counsel. State had the burden of proving this requirement and it failed in its proof. Cf. *State v. Orr*, 375 N.W.2d 171 (N.D. 1988). *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) is inapposite for it involved a pardon.

When State introduced the Codington County convictions, Randen challenged them, and the lower court proceedings reflected he was present but without counsel. Under *Luna v. Black*, 772 F.2d 448 (8th Cir.1985), the burden of proof shifted to the State. *See also, United States v. Gallman*, 907 F.2d 639, 643 (7th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991). It did not come forward. Now, this Court will permit a second trial for the State to attempt to muster evidence it failed to produce the first time around.

The Fifth Amendment to the United States Constitution provides in pertinent

part: "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." The South Dakota Constitution also protects this personal right and in Article VI, § 9, it provides:

> No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense.

By this Court's decision, notwithstanding State's failure to meet its burden, Randen must now go through a second trial. He is being twice put in jeopardy. He is forced to defend twice for the same alleged offense. And why? Simply because the State, which carried the burden of proof, failed to adduce proof. This was not "trial error," this was "state error," i.e., ineptitude for, indeed, it failed to prove the validity of the two Codington County convictions. *See also, Greene v. United States*, 880 F.2d 1299 (11th Cir.1989), *cert. denied*, 494 U.S. 1018, 110 S.Ct. 1322, 108 L.Ed.2d 498 (1990).